UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOBB HELSEL ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ZENITH ACQUISITION ) | |
| CORPORATION ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Bobb Helsel, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiff, Bobb Helsel, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Law §349.

### II.  JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has a primary location in this District.

### III. PARTIES

4. Plaintiff, Bobb Helsel, is an adult natural person residing in Pembroke, North Carolina. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Zenith Acquisition Corporation, ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Maine with its principal place of business located at 170 Northpointe Parkway, Suite 300, Amherst, NY 14228.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about June 29, 2011, Defendant faxed Plaintiff's personal legal counsel a settlement offer for the Plaintiff to pay the balance of a debt allegedly owed to Springleaf Financial Services. **See "EXHIBIT A" (settlement offer) attached hereto**.

8. Defendant stated that they were authorized by Springleaf Financial to offer this opportunity.

9. Plaintiff was informed that he owed a debt of approximately $5,091.84.

10. Defendant stated that the Plaintiff could settle the debt for one lump sum of $1,902.00 if it was paid no later than June 30, 2011 to the Defendant.

11. Plaintiff accepted Defendant's offer.

12. The next day, June 30, 2011, Plaintiff's attorney issued via check by phone the payment of $1,902.00 to the Defendant.

13. Defendant immediately declined the payment.

14. Defendant informed the Plaintiff's attorney that the account had already been sold.

15. On or about July 19, 2011, Plaintiff attorney called Defendant to inquire more about Plaintiff's account.

16. Defendant's agent, "John", informed Plaintiff's attorney that the Defendant no longer had the account and that it was now with a company called LTD.

17. On or about that same day, July 19, 2011, Plaintiff's attorney called LTD, to see if they would honor the settlement arrangement that was in place with the Plaintiff and the Defendant.

18. Agent for LTD, "Heather", was not able to locate the name of the Plaintiff or the account that the Defendant stated was now with their agency.

19. In late July, 2011, Defendant despite stating that they no longer had Plaintiff's account sent Plaintiff notice that Defendant would be electronically debiting the Plaintiff's personal checking account for the sum of $1,902.00 on July 31, 2011.  **See "EXHIBIT B" (notice) attached hereto**.

20. Defendant did not deduct this payment.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| --- | --- |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Zenith Acquisition Corporation, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

28. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

29. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

30. GBL §349 provides in relevant part as follows:

> (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful
>
> (g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry
>
> (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

31. As a direct and proximate result of the Defendant's, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, Zenith Acquisition Corporation, and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 23, 2011        BY: /s/ Bruce K. Warren
                                    Bruce K. Warren, Esq.

                                    Warren & Vullings, LLP
                                    93 Old York Road
                                    Suite 333
                                    Jenkintown, PA  19046
                                    215-745-9800   Fax 215-745-7880
                                    Attorney for Plaintiff
                                    bkw@w-vlaw.com